```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| VERONICA VIDARTE,<br><br>      Plaintiff,<br><br>-against-<br><br>JAIME BURGOS, Staff Sergeant of Nation Guard of NY State,<br><br>      Defendant. | 1:21-CV-2106 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Veronica Vidarte, who appears *pro se*, filed this action on behalf of herself and her minor child.[1] She invokes the Court's federal question jurisdiction and sues Jaime Burgos, a Staff Sergeant in the New York Army National Guard. In the section of Plaintiff's complaint in which Plaintiff must allege the federal constitutional or federal statutory rights that have been violated, Plaintiff states "freedom of religion, discrimination of national origin, religion, psychological condition, race threats, intimidation, deprivation of rights under color of law, harassment [sic]." (ECF 2, at 9.) Plaintiff seeks mental health counseling for her child "due to increased trauma and mental distress caused by" the defendant. (*Id.* at 8.) The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

  By order dated June 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, IFP. For the reasons set forth below, the Court dismisses this action.

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any reference to the name of a minor child in a court submission must be limited to the child's initials. In her complaint and in her request to proceed *in forma pauperis* ("IFP"), Plaintiff has mentioned the full name of her minor child. Accordingly, the Court has asked the Clerk of Court to limit electronic access to Plaintiff's complaint and her IFP application to a "case-participant only" basis.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that she is a resident of Dobbs Ferry, Westchester County, New York, and that the events that are the basis for her claims began in September 2020, and have continued to the present, in Dobbs Ferry, and in New Windsor, Orange County, New York.

Plaintiff also alleges the following: On September 21, 2020, Hector Burgos ("Hector"), Plaintiff's domestic partner or spouse, who was also the father of Plaintiff's child, died due to an accidental overdose.[2] Defendant Jaime Burgos ("Jaime") is Hector's brother, and he is a Staff Sergeant in the New York Army National Guard.

Immediately following Hector's death, Jaime was supportive of both Plaintiff and her child. But days later, Jaimie's behavior changed drastically; he "used tactics of intimidation[] and threats while [Plaintiff's] daughter was in his care." (ECF 2, at 6.) He also did not allow Plaintiff and her child "to honor [their] Catholic beliefs of church memorial services," and instead "used threats and intimidation to force a cremation" of Hector's body, which is against Plaintiff's and her daughter's religious beliefs. (*Id.*) Jaime told her that it was Hector's verbal wish that he be cremated and that Plaintiff "'needed to respect his family.'" (*Id.*) Jamie also told Plaintiff that she "had no rights and was 'nothing' and how dare [Plaintiff] make decisions on behalf of [Hector]." (*Id.*) Jaime threatened violence if Plaintiff held a funeral wake for Hector.[3]

---

[2] In her complaint, Plaintiff refers to Hector as both her domestic partner and her spouse. Plaintiff also alleges that the State of New York "legally recognizes [her] as [Hector's] first of [k]in since our 9-year-old child in common is a minor." (ECF 2, at 6.)

[3] Plaintiff may be alleging that Jaime barred Plaintiff and her daughter from attending a memorial service that Jaime and his family held for Hector.

3

Jaime then reported Plaintiff to Child Protective Services, stating that Plaintiff was unfit to care for her daughter. He also refused to return Hector's remains to Plaintiff "and used his title as a []Federal Officer to threaten [her], [and] discredit [her] human and civil rights. . . ." (*Id.*) On October 12, 2020, a funeral director told Jaime that there was a legal document that required Hector's remains be returned to Plaintiff. Seven days later, Jaime returned Hector's remains to a funeral home. Jaime then delayed the internment of Hector's remains for almost two months, and during that period, "he created a go fund me page without [Plaintiff's] consent." (*Id.*)

On November 1, 2020, Jaime "publicly posted that [Plaintiff] led . . . Hector . . . to kill himself and [that Plaintiff] did not perform CPR or life saving techniques in order to save [Hector's] life." (*Id.*) He also "publicly stated that [Hector] was going to leave [Plaintiff and their daughter] and [that Plaintiff] was responsible for [Hector's] death so to not be fooled by [Plaintiff's] pai[n] and suffering as [Plaintiff] abandoned [Hector's] body and left him to die." (*Id.*)

Plaintiff is "of a brown race and mixed cultural background. . . . Throughout [Plaintiff's] 21 years with Hector, Jaime . . . consistently made hateful comments and racial slurs against persons[] of a different race and cultural identity[,] specifically black, . . . Mexican, and Dominicans. He stated that they were merely immigrants." (*Id.* at 7.) Jaime told Plaintiff's daughter that Hector "was burned and turned into a skeleton and to not tell" Plaintiff. (*Id.*) Plaintiff has reported Jaime's actions to the local police and to the "National Guard DOD hotline." (*Id.*) In addition, a state court has issued a "full stay away order." (*Id.*)

## DISCUSSION

**A.     Claims on behalf of Plaintiff's minor child**

The Court must dismiss Plaintiff's claims that she asserts on behalf of her minor child. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of

4

representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action on behalf of her minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). And "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

Plaintiff has alleged no facts suggesting that she is an attorney. She cannot, therefore, assert any claims on behalf of her minor child. The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of her minor child.

**B.     Plaintiff's claims under 42 U.S.C. § 1983**

The Court must also dismiss Plaintiff's claims that she brings on her own behalf under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). But merely being a state official "does not automatically mean that [the official's] actions are taken under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996).

5

"[A] defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *West*, 487 U.S. at 49-50. And "[i]t is 'axiomatic . . . that acts of officers in the ambit of their personal pursuits are plainly excluded'" from the definition of state action for § 1983 purposes. *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994)). "[T]here is no bright line test for distinguishing personal pursuits from activities taken under color of law." *Pitchell*, 13 F.3d at 548 (internal quotation marks omitted). But "[m]ore is required than a simple determination as to whether an officer was on or off duty when the challenged incident occurred. . . . [So] courts look to the nature of the officer's act, not simply his duty status." *Id.* "In determining whether an officer was acting under color of law, [t]he court is to look at the totality of the circumstances surrounding the officer's acts . . . and the relationship of that conduct to the officer's official duties." *Feaster v. City of New York*, No. 18-CV-5021, 2020 WL 2485984, at *4 (S.D.N.Y. Mar. 2, 2020) (internal quotation marks and citation omitted, alteration in original).

Plaintiff has failed to allege any facts showing that Jaime acted under color of state law when he injured her. While Jaime may be an officer in the New York Army National Guard, which is an agency of the State of New York, *see* N.Y. Military Law § 2(1), his alleged actions are solely personal pursuits associated with a dispute he has with Plaintiff and her daughter – his brother's domestic partner or spouse, and his brother's daughter – following his brother's death. Plaintiff has thus failed to state a viable claim under section 1983, and the Court dismisses Plaintiff's claims under section 1983 for that reason. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims brought on behalf of her minor child without prejudice, and dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted.[4]

Plaintiff has consented to electronic service of court documents. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 28, 2021
  New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] The Court dismisses this action without prejudice to any claims Plaintiff may pursue against Jaime under state law in the state courts.